## FREY et v BROWN

Ohio Appeals, 5th Dist, Stark Co

Decided October 22, 1931

Elson Wefler, Massillon, for plaintiff in error.

Gnau & Miller, Canton, for defendant in error.

SHERICK, PJ.

Although various questions are made in this suit and reasons are advanced why this cause should be reversed we find it unnecnecessary to discuss any other claimed ground of error, except in, that the judgment is contrary to the evidence and con-. trary to law, and we do not find it necessary to enter into the special question as to whether or not the trial court erred in the exclusion of certain testimony offered upon behalf of the answering defendants, and as to whether or not this testimony was properly excluded under the provisions of §11495 GC.

Counsel in open court freely admit that at the time of the issuance of these two certificates of insurance to George J. Brown that there was a rule or by-law of the brotherhood to the effect that any member thereof was subject to the constitution, rules and by-laws of the order, as they then existed or might thereafter come into being.

It appears from the evidence offered upon behalf of the answering defendants, that certain evidence was offered from 'the proceedings of the Grand International Brotherhood of Locomotive Engineers, transpiring at is convention of July, 1927. It appears from the records of that convention that one, denominated Brother Barthelmess, 61, made the question in the convention, as follows:

"Just one more question. There seems to be a little dispute as to whether the secretaries can collect their five per cent. commission on this pension. I want you to settle that once and for all."

Now, by this word "pension," no doubt meant the assessment ordered to be made by the brotherhood heretofore referred to. In reply to this question the Grand Chief Engineer answered:

"I wouldn't think so."

Further on in this convention it appears that one Brother Bishop, 82, made the following statement:

"I would like to answer Brother 61's question. As insurance secretary I want to say that I have yet to find any insurance secretary or a secretary in any other capacity of a division that wants to get that five

per cent. We donate our services."

This seems to have settled this matter in convention and it must be remembered that George J. Brown was present as a delegate from his division, that is, he as secretary of Local No. 360 was present and a search of the records of this convention, which adopted the plan to resuscitate the Brotherhood by the raising of the $5,000,000, and that he, Brown, made no objection to this settlement of the question raised. To our notion he did but sit quietly by and acquiesce in the settlement of this matter.

We appreciate the fact that the action or the settlement of a secretary's right to a commission of five per cent. on the collection of these assessments made by brotherhood as against its members was not formally enacted into a resolution, law or rule of the organization, but we do find that the action of the brotherhood in convention amounts to the same, and although the action was informal, we again note the further quiescence of George J. Brown and that he must be now considered to be bound by the informal determination of the brotherhood.

Now, his beneficiary is entitled to stand in no better position than George J. Brown stood as towards this said sum of $725.75.

It must be understood that it is a conceded fact in this case that the shortage in the accounts of George J. Brown with Local 360 is composed entirely of a shortage of five per cent. in the amounts collected by him as division secretary from the members of the brotherhood. It is therefor apparent that the entire sum claimed and litigated represents the question as to whether or not George J. Brown, as Secretary of Division No. 360, is entitled to a five per cent. commission on the sums collected by him. Our answer to this question is in the negative, in that he was not entitled to this sum, nor either is the defendant in error, his beneficiary named in the insurance certificates.

These facts, which we have set forth, are admitted facts in this case and it appeals to us that such are and must of necessity be absolutely controlling of the rights of the parties in this suit, and that according to the evidence and the law applicable to this case, the verdict of the jury and the judgment of the court thereon entered should have been for the plaintiff in error.

It is therefore the judgment of this court that this cause be reversed and final judgment entered for the plaintiff in error herein, which is done accordingly. Exceptions.

LEMERT, J, and MONTGOMERY, J, concur.

## APPLICATION FOR REHEARING

This application is made upon the theory that this court reversed this cause and entered final judgment in favor of the plaintiff in error on the weight of the evidence; and that in accordance with **Bank Co v Coal Co, 121 Oh St 544**, this court had no such authority and the cause should have been remanded for trial.

The ultimate fact, recognized by the defendant in error in her brief now filed, which is all controlling in this suit, is, was Brown as secretary of Local 360 entitled to a 5% commission on sums collected for the brotherhood on its loyalty loan assessment?

The proof made by the plaintiff in error, and not denied by the defendant in error, was that the secretaries were not to receive a commission on this collection.

The defendant in error in her present brief states: "The other evidence in the case showed that Mr. Brown was entitled to receive commissions on all other collections made by him whether for the local division or for the Grand Lodge." Further the brief recites, "There is also in evidence, the written admission of two of the plaintiffs in error who were members of the auditing committee that Mr. Brown was allowed 5% commissions on all collections made by him." These facts are readily admitted by the plaintiff in error; but this proof is not a denial by inference or otherwise, of the one ultimate controlling fact in this case, which the plaintiff in error proved and which the defendant in error did not deny.

Counsel for defendant in error are in error when it is assumed that a reversal was entered upon the weight of the evidence; the judgment was and is reversed upon the view that there was no evidence to support the verdict and judgment entered, and hence the same were contrary to law and the same should have been for the plaintiff in error.

We direct attention to the authority relied upon **Bank Co v Coal Co, supra,** page 548. The court says: "Where there is no conflict in the evidence, the Court of Appeals may apply the ruling principles of law to the uncontroverted facts, and, if application of the ruling principles requires a reversal of the judgment, and a final judgment in favor of the plaintiff in error, that procedure will be approved."

We have no disposition to usurp the province of the jury, or to deny the defendant in error her right to a trial by jury. This the defendant in error had. She offered no proof in denial of the ultimate controlling fact, such must therefore, be admitted to be true.

The fact being uncontroverted, we but apply the ruling principle of law. We see no useful purpose in granting a new trial as the result must be the same. The applicant suggests that Brown might not have known of the conventions action. To this we answer, that he could and should have known thereof. The application for a re-hearing will therefore be denied and the former judgment adhered to. Exceptions are noted.

We further consider that our holding is not in conflict with **Burton, Exr v Tax Commission of Ohio, 37 Oh Ap 183,** and the request for certification will not be granted.